AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER: 8:16-cr-296-T-23JSS<br>USM NUMBER: 67379-018 |
| DANIEL KEITH O'BRIANT | Defendant's Attorney: John Fitzgibbons, retained |

The defendant pleaded guilty to count one of the information.

The defendant is adjudicated guilty of this offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to violate the anti-kickback statute (42 U.S.C. § 1320a-7b(b)(2)) | January 2012 | One |

The defendant is sentenced as provided in pages two through nine of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment: May 26, 2017

*/s/ Steven D. Merryday*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

May 26th, 2017

AO 245B (Rev. 11/16) Judgment in Criminal
Sheet 2 — Imprisonment

| | |
|---|---|
| Defendant: DANIEL KEITH O'BRIANT | Judgment - Page 2 of 9 |
| Case No.: 8:16-cr-296-T-23JSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **six months**.

- [X] The court makes the following recommendations to the Bureau of Prisons (in order of preference: (1) confinement at the minimal security facility in Oakdale, Louisiana, or (2) confinement at FPC Pensacola, Florida.

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district.

    - [ ] at __ a.m./p.m. on __.
    - [ ] as notified by the United States Marshal.

- [X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    - [ ] by 2:00 p.m. on __.
    - [ ] as notified by the United States Marshal.
    - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Defendant: DANIEL KEITH O'BRIANT  
Case No.: 8:16-cr-296-T-23JSS

Judgment - Page 3 of 9

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **twenty-four months.**

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - _X_ The above drug testing condition is suspended, based on the courts determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. _X_ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ___ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ___ You must participate in an approval program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 4 — Supervised Release

Defendant: DANIEL KEITH O'BRIANT  
Case No.: 8:16-cr-296-T-23JSS

Judgment - Page 4 of 9

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Special Conditions

Defendant: DANIEL KEITH O'BRIANT  Judgment - Page 5 of 9
Case No.: 8:16-cr-296-T-23JSS

## SPECIAL CONDITIONS OF SUPERVISION

Six months of home detention.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
        Sheet 6 — Criminal Monetary Penalties

Defendant: DANIEL KEITH O'BRIANT                                    Judgment - Page 6 of 9
Case No.:  8:16-cr-296-T-23JSS

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|       | Assessment | JVTA Assessment* | Fine | Restitution |
|-------|------------|------------------|------|-------------|
| TOTAL | $100       | n/a              | none | n/a         |

_ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-------------------|------------------------|---------------------------|
|                   |                   |                        |                           |

## TOTALS

_ Restitution amount ordered pursuant to plea agreement  $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 7 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    _ the interest requirement is waived for the ___ fine ___ restitution.
    _ the interest requirement for the ___ fine ___ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 7 — Schedule of Payments

Defendant: DANIEL KEITH O'BRIANT  
Case No.: 8:16-cr-296-T-23JSS

Judgment - Page 7 of 9

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. **X** Lump sum payment of **$100** due immediately

   ___ not later than _____ , or
   ___ in accordance with ___ C, ___ D, ___ E, or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ days (*e.g., thirty or sixty days*) after the date of this judgment; or

D. ___ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ , (*e.g., months or years*) to commence _____ (*e.g. thirty or sixty days*) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (*e.g., thirty or sixty days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

_ The defendant shall pay the cost of prosecution.
_ The defendant shall pay the following court cost(s):
**X** The defendant shall forfeit the defendant's interest in the following property to the United States:

**The forfeiture money judgment (Doc. 17) is incorporated into this judgment.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 8:16-cr-00296-SDM-JSS  Document 17  Filed 08/15/16  Page 1 of 2 PageID 84

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:16-cr-296-T-23JSS

DANIEL KEITH O'BRIANT
_____/

### FORFEITURE MONEY JUDGMENT

O'Briant pleaded guilty to count one of the information (conspiracy to violate the anti-kickback statute), a violation of 18 U.S.C. § 371. The United States has established that O'Briant obtained $475,045.58 from the conspiracy.

The United States moves (Doc. 16) under 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for entry of a forfeiture money judgment in the amount of $475,045.58, which upon entry shall be a final order of forfeiture. The motion for entry of a forfeiture money judgment is **GRANTED**. Under 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, O'Briant is liable — jointly and severally with any convicted co-conspirator — for a forfeiture money judgment in the amount of $475,045.58.

The United States may seek, as a substitute asset in satisfaction of this judgment, forfeiture of any of O'Briant's property up to the value of the money

judgment. The court retains jurisdiction to enter any order necessary to the forfeiture and disposition of any substitute asset.

ORDERED in Tampa, Florida, on August 15, 2016.

*/s/ Steven D. Merryday*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE